UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

KCE PROPERTIES, INC.,

    Plaintiff,

v.                                                           Civil No. 4:16cv42

HOLY MACKEREL, INC.,

and

DANIEL CARPENTER,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a 12(b)(6) Motion to Dismiss[1] filed by Holy Mackerel, Inc. ("Holy Mackerel") and Daniel Carpenter (collectively, "Defendants"). Such motion asserts that KCE Properties, Inc. ("KCE" or "Plaintiff") failed to state a claim on which relief can be granted in Count Two of the Complaint. Finding that oral argument is unnecessary, and for the reasons set forth below, Defendants' motion to dismiss is **DENIED**.

---

[1] Defendants' motion and memorandum in support also cite to Rule 12(b)(1) of the Federal Rules of Civil Procedure as a basis for dismissal (lack of subject matter jurisdiction). However, Defendants do not advance a jurisdictional challenge within their filings, and the Court therefore construes the pending motion as advanced solely pursuant to Rule 12(b)(6). In the absence of any challenge to the jurisdictional allegations in the Complaint, the Court has subject matter jurisdiction over this diversity action.

A.

The instant civil action was filed pursuant to this Court's diversity jurisdiction and it implicates the laws of the Commonwealth of Virginia. Compl. ¶¶ 7-8, 38, ECF No. 1. Plaintiff, as successor in interest to a company that entered into a lease agreement with Holy Mackerel, is Holy Mackerel's lessor. Id. ¶¶ 14-16. Daniel Carpenter is the "owner and corporate officer of Holy Mackerel." Id. ¶ 13.

The terms of the lease specify that, during the pendency of the lease, Holy Mackerel has the right to remove from the premises "all fixtures not-affixed to the building." Id. ¶ 17. The lease further states that "all built in alterations and improvements become the property of the Lessor upon termination of the lease . . . ." Id. The only specified exceptions are the hostess counter and certain lessee-purchased kitchen equipment. Id. The lease provision governing fixtures concludes by stating that "[a]ny items not removed" during the lease term, or during an optional 30-day extension period, "shall become property of [KCE]."[2] Id.

Holy Mackerel gave KCE notice of termination on October 9, 2015 and vacated the premises sometime in December of that same year. Id. ¶¶ 18-19. At some point in late 2015, Daniel

---

[2] Pursuant to the terms of the lease, the 30-day extension period requires the payment of "one (1) month's rent." Compl. ¶ 17.

2

Carpenter allegedly removed numerous fixtures from the leased premises and caused damage to the premises. Id. ¶¶ 20-21. Mr. Carpenter then later allegedly used or sold these fixtures for his own benefit or for the benefit of Holy Mackerel. Id. ¶ 37. The Complaint further alleges that Holy Mackerel failed to pay its full rent for the final three months that it occupied the rental space. Id. ¶¶ 5, 22.

As set forth in the Complaint, Plaintiff alleges that Holy Mackerel breached the lease agreement in various ways (Count One) and that both Defendants unlawfully converted Plaintiff's property (Count Two). Defendants jointly filed the instant motion seeking dismissal of the conversion claim set forth in Count Two. Defendants further argue that, if Count Two is dismissed: (1) the request for punitive damages must be dismissed; and (2) Daniel Carpenter must be dismissed as a party to the suit. Plaintiff timely filed a memorandum in opposition to the dismissal motion, and Defendants have not filed a reply brief. The motion is now ripe for adjudication.

### B.

Neither party's briefing calls into question the well-established 12(b)(6) standard of review, which permits dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, a complaint must include enough facts for a claim to be

"plausible on its face" and thereby "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In determining the plausibility of a claim, district courts are required to assume that all well-pled factual allegations are true "even if doubtful in fact," id. at 555, and must also "draw all reasonable inferences in favor of the plaintiff," Kensington Volunteer Fire Dep't v. Montgomery County, 684 F.3d 462, 467 (4th Cir. 2012) (citation omitted). Although the Court must accept all well-pled factual allegations, a plaintiff's legal conclusions are not similarly accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

C.

Defendants seek dismissal of the conversion count based on Virginia's "source of duty rule." The source of duty rule bars tort claims that implicate a duty owed solely through contract. Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998); see Filak v. George, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004) ("[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts."). However, where a tort claim is based upon an independent, common-law duty, Virginia law permits a tort claim to survive alongside a claim based in contract. Richmond

4

Metro., 256 Va. at 558, 507 S.E.2d at 347 (citing Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991)). Accordingly, pursuant to Virginia law, "a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages, including, where appropriate, punitive damages." Dunn Const. Co. v. Cloney, 278 Va. 260, 266-67, 682 S.E.2d 943, 946 (2009) (emphasis added)(citation omitted).

Regarding conversion claims, the Supreme Court of Virginia has stated that "[a] cause of action for conversion lies independent of an action in contract and may provide a separate basis, distinct from the contract upon which one [party] may sue another." PGI, Inc. v. Rathe Prods., Inc., 265 Va. 334, 344, 576 S.E.2d 438, 443 (2003) (emphasis added). Notwithstanding such broad legal statement, Virginia courts have recognized that the Virginia source of duty rule can act to bar a conversion claim when a party merely "withholds money that he is supposed to pay on a contract," Taveira v. Vieira, No. CL14-5437, 2015 Va. Cir. LEXIS 90, at *17 (Va. Cir. Ct. May 29, 2015) (City of Virginia Beach), or seizes tangible assets pledged as collateral as was "within the contemplation of the parties when entering into the [written] agreement," Wachovia Bank, N.A. v. Ranson

5

Tyler Chevrolet, L.L.C., 73 Va. Cir. 143, 154 (Va. Cir. Ct. 2007) (City of Roanoke); see also Worldcom, Inc. v. Boyne, 68 F. App'x 447, 453-54 (4th Cir. 2003) (applying Virginia law, and finding that an employer's actions in blocking an employee's attempt at exercising vested stock options implicated a duty that existed "solely by nature of [the employer's] obligations under the [Stock Option Agreement], and thus, could not support a conversion claim). While it thus appears that the source of duty rule can act to bar a conversion claim in certain circumstances, the Supreme Court of Virginia has recognized that an alleged seizure of property occurring after a contract has been terminated sounds in tort rather than in contract. See Condo. Servs. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc., 281 Va. 561, 574, 709 S.E.2d 163, 171 (2011) (holding that because the parties' contract had terminated before the defendant exercised dominion over the funds at issue, the "alleged acts did constitute the 'independent, willful tort' of conversion").

i.

As argued by Plaintiff in opposition to dismissal of the conversion claim against Daniel Carpenter, Daniel Carpenter was not a party to the lease at issue in this case. Because of such fact, and because the Complaint alleges, in the alternative, that Daniel Carpenter improperly seized KCE's property for his

6

own personal benefit, Compl. ¶¶ 4, 37, the duty allegedly violated is not based in contract, but rather, can only implicate the tort duty not to "wrongfully exert[]" dominion over the property of another. PGI, Inc., 265 Va. at 344, 576 S.E.2d at 443 (citation omitted); cf. 1-18 Virginia Remedies § 18.03 ("The source of duty rule affirms the separateness of tort and contract and the liability of those in privity.") (emphasis added). As Defendants have failed to file a reply brief undercutting Plaintiff's legal position on this issue, and have not otherwise challenged the sufficiency of the pleadings as against Daniel Carpenter, Defendants fail to carry their burden to demonstrate that dismissal of the conversion claim against Carpenter is appropriate at this time.

ii.

As to the conversion claim against Holy Mackerel, Defendants' source of duty defense may ultimately prove successful to the extent that: (1) Holy Mackerel purchased and installed on the leased premises each piece of property at issue in this case; (2) Holy Mackerel lost title to each piece of property solely as a result of the contractual provision providing that, upon termination of the lease, such items became the property of the Lessor, Compl. ¶ 17; and (3) Holy Mackerel removed the property in violation of the lease terms while the lease was still in force. However, even assuming that the

7

allegations in the Complaint are properly construed as establishing the first two points outlined above,[3] it is unclear at this stage in the litigation whether the final point is established based on the following factual allegations: (1) Holy Mackerel gave notice of termination on October 9, 2015, Compl. ¶ 18; (2) at "some point" in December 2015, Holy Mackerel vacated the premises, id. ¶ 19; and (3) Holy Mackerel did not pay its rent in full during the final three months that it occupied the rental space, id. ¶¶ 5, 22. In light of the express allegations (accepted as true at this stage of the proceedings) indicating that Holy Mackerel gave notice of termination on October 9, 2015, remained on the premises for two additional months without paying rent (or fully paying rent), and on an unspecified date while it remained on the premises, removed various items of property purportedly owned by KCE, Defendants fail to carry their burden to demonstrate that the "source of duty rule" bars Plaintiff's conversion claim against Holy Mackerel. See Condo. Servs., 281 Va. at 574, 709 S.E.2d at 171 (indicating that because the challenged actions occurred after the contract was terminated, the claims sounded in tort, not in contract).

---

[3] The fact that the Complaint includes a non-exhaustive list of property that Plaintiff asserts "lawfully belonged to KCE," but was improperly removed by Defendants, Compl. ¶ 20, arguably leaves unresolved each of the first two points outlined above, particularly in light of the fact that KCE (pre-discovery) may be operating without complete information-a reasonable inference in light of the fact that KCE purchased the premises only three days before Holy Mackerel gave notice of termination, id. ¶¶ 14, 18.

8

Stated differently, dismissal is not warranted <u>at this time</u> because the facts necessary to the determination of the asserted defense remain undeveloped at this stage in the proceedings.[4] As has been repeatedly recognized by the United States Court of Appeals for the Fourth Circuit, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, <u>or the applicability of defenses</u>." <u>Republican Party of N. Carolina v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (emphasis added); <u>see</u> <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (explaining that at the 12(b)(6) stage, trial courts reach the merits of an affirmative defense only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense . . . clearly appear <u>on the face of the complaint</u>") (citation omitted); <u>Xechem, Inc. v. Bristol-Myers Squibb Co.</u>, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)"). Accordingly, Holy Mackerel fails at this time

---

[4] For example, there is an absence of information regarding the lease termination procedures, to include details regarding when a notice of termination is effective. Notably, while Plaintiff's Complaint indicates that a copy of the lease is attached as an exhibit, the lease was not filed as an exhibit to the Complaint. Similarly, Defendants did not provide a copy of the lease in support of their motion to dismiss.

to demonstrate that dismissal of the conversion claim is appropriate.

### iii.

Defendants acknowledge that Plaintiff's claim for punitive damages is dependent upon the viability of the conversion count. See Defs.' Mem. in Supp. of Mot. to Dismiss 6-7, ECF No. 9. Because the Court denies the motion to dismiss the conversion count as to both Defendants, and because Defendants offer no independent basis for challenging the request for punitive damages, the Court also denies the motion to dismiss the punitive damages request.

### D.

For the reasons set forth above, Defendants' motion to dismiss is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Newport News, Virginia
October 31, 2016