UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

KCE PROPERTIES, INC.,

        Plaintiff,

v.                                           Civil No. 4:16cv42

HOLY MACKEREL, INC.,

and

DANIEL CARPENTER,

        Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a Rule 41(a)(2) motion for voluntary dismissal filed by Plaintiff, KCE Properties, Inc. ("KCE Inc."), ECF No. 31, and a motion for summary judgment filed by Defendants, ECF No. 29. Portions of both pending motions address the same threshold issue: it was recently discovered that Plaintiff KCE Inc., a California corporation and the purported owner/landlord of a premises containing a rental space previously leased by Defendant Holy Mackerel, Inc., is in actuality not the owner of such premises/building. Rather, the same individuals that control KCE Inc. also control KCE Old Towne, LCC ("KCE LLC"), a Virginia company that is the actual owner of the premises at issue. KCE LLC, therefore, is the

legal entity that should have filed suit. However, the complaint in this case cannot be amended to substitute KCE LLC for KCE Inc. because doing so would destroy the diversity of citizenship that this federal case is predicated upon.

While it is undisputed that Plaintiff KCE Inc. lacks standing to continue in this case, the parties have vastly differing viewpoints as to the proper procedural path to follow in order to terminate this action. Compare Defs' S.J. Memo 5, ECF No. 30 (indicating that Defendants seek summary judgment not only based on Plaintiff's lack of standing but also on the merits), with Pl's Memo in Opp'n to S.J. 2-3, ECF No. 35 (admitting that Plaintiff lacks standing, but arguing that summary judgment should be denied). Plaintiff opposes a grant of summary judgement as improper in a case where a plaintiff lacks standing, and Defendant opposes a voluntary dismissal unless this Court predicates such dismissal on Plaintiff paying Defendants' attorney's fees.

The Court agrees with Plaintiff's contention that a 12(b)(1) motion to dismiss, rather than a Rule 56 summary judgment motion, is the proper procedural vehicle for Defendants to challenge Plaintiff's lack of standing. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (noting the "differing procedural standards of dismissal under Rule 12(b)(1) and summary judgment under Rule 56(c)," and holding that because

2

the United States was not liable for the plaintiff's injury, "the district court should have dismissed the suit for want of jurisdiction under Rule 12(b)(1) . . . rather than granting summary judgment pursuant to Rule 56(c)"). Based on the uncontested threshold facts in this case that clearly reveal a lack of standing, it is improper for this Court to reach the portions of Defendant's summary judgment motion that seek a ruling on the merits. However, for similar reasons, the Court questions whether a Rule 41(a)(2) motion should be granted in this case because the dismissal sought by Plaintiff is not "voluntary," but is instead compelled by this Court's obvious lack of jurisdiction.[1]

In light of the above, the parties are hereby instructed to **SHOW CAUSE** why the Court should not enter an order:

(1) construing Defendant's motion for summary judgment as a Rule 12(b)(1) motion to dismiss, as Defendant's first summary judgment argument attacks Plaintiff's lack of standing, cf. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d

---

[1] The Court's viewpoint is illustrated by the fact that, to the extent this Court had jurisdiction to consider Defendants' request for attorney's fees, and ultimately sought to condition a voluntary dismissal on Plaintiff's payment of a portion of Defendants' fees, the Court would typically afford Plaintiff the opportunity to elect between continuing with the case or being subject to a voluntary dismissal on terms that are more onerous than that sought by Plaintiff. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366, pp. 547-49 (3d ed. 2008) (explaining that the plaintiff "has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous"). Of course, in this case, Plaintiff cannot "opt" not to proceed with dismissal because Plaintiff has no standing and cannot continue to litigate this case in this Court of limited jurisdiction.

3

<small>

<small><small><small><small><small>

385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court");

(2) granting such 12(b)(1) motion and dismissing the case without prejudice, and without making a merits-based ruling of any kind, because there is no case or controversy between the named parties, and there is certainly not an amount in controversy exceeding $75,000 as is necessary to support diversity jurisdiction;[2]

(3) ordering both parties to pay their own costs and attorney's fees in light of: (a) the fact that a non-merits based dismissal does not appear to result in a "prevailing party" that is entitled to costs; (b) the "American Rule" requiring that each party pay its own attorney's fees; (c) this Court's apparent lack of jurisdiction to consider an attorney's fee motion in a case where subject matter jurisdiction over the case was lacking from the outset of the litigation, see Samsung Elecs. Co. v. Rambus, Inc., 398 F. Supp. 2d 470, 481 (E.D. Va. 2005) (discussing the "settled precept that lack of subject matter jurisdiction over a substantive claim serves to bar an

---

[2] It is well-established that "the court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning jurisdiction" and that "dismissal for jurisdictional defects has no res judicata effect." Williams, 50 F.3d at 304.

4

award of attorney's fees where an action was moot at the time of filing," as contrasted with a case where a court "is divested of its subject matter jurisdiction over the substantive claim by virtue of intervening mootness"); and (d) the fact that even if attorney's fees could be awarded, the current record suggests, consistent with Plaintiff's counsel's representations on behalf of KCE Inc., that the discovery performed in this case by Defendants is readily transferable to, and can be utilized in, a subsequent state-court action filed by KCE LLC, cf. Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987) (indicating that attorney's fees should not be awarded in a voluntary dismissal case when federal litigation efforts are readily transferable to a subsequent state action);[3] and

(4) based on the dismissal for lack of jurisdiction: (a) dismiss Plaintiff's Rule 41(a)(2) motion seeking a "voluntary"

---

[3] While this Court appears to lack jurisdiction to award attorney's fees, Defendant's argument in support of recovering attorney's fees is grounded in the contention that Defendants have expended significant resources litigating a case that Plaintiff should have known from the outset could not be filed in this Court. Although the Court acknowledges Defendants' position, it notes that the filings before the Court indicate that the Defendant Daniel Carpenter, a shareholder and officer of Defendant Holy Mackerel, Inc., was also the president of the company that formerly owned the premises at issue, and who signed the documents transferring such property to KCE LLC. Accordingly, Plaintiff is not the only party in this case that should have discovered near the outset of litigation that KCE Inc. was not the proper plaintiff. Notably, the deed executed in September of 2015 by "Daniel E. Carpenter" as "president" of the Grantor company not only lists the "Grantee" as "KCE OLD TOWNE, LLC" (rather than KCE Inc.) but states on its face that KCE OLD TOWNE, LLC is a "Virginia corporation," a fact that would obviously defeat diversity jurisdiction in this case. ECF No. 30-6.

5

dismissal as moot; and (b) dismiss the remainder of Defendant's summary judgment motion as moot.

The parties are hereby **INSTRUCTED** to file a supplemental memorandum in response to this Show Cause Order no later than Friday, February 3, 2017, commenting on the above matters. For the convenience of the parties, the upcoming final Pre-trial conference in this case is **CANCELED**, and all trial-related deadlines are hereby **SUSPENDED** pending resolution of the threshold jurisdictional issue.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Newport News, Virginia
January 25, 2017